## No. 3698.

### PEREZ & BETANCOURT vs. THE NEW ORLEANS MUTUAL INSURANCE COMPANY AND OTHER INSURANCE COMPANIES.

These cases turn on the validity of a policy of insurance on a sea vessel.

The fact that there are circumstances and actions which are suspicious or which are not satisfactorily explained to all who may be interested, can not be held by courts of justice as contradicting and overcoming the direct, positive testimony of an unusually large number of witnesses whose veracity is not impeached, and most of whom are not shown to have any interest in committing perjury.

APPEAL from the Fifth District Court, parish of Orleans. *Léaumont,* J. Jury trial. *George L. Bright,* for plaintiffs and appellants. *William H. Hunt, M. M. Cohen, Ellis, McEnery & Ellis, A. Voorhies,* and *Finney & Miller,* for defendants and appellees.

HOWELL, J. The plaintiffs, residents of Mexico, sue the defendant company for the value of one fifth of three boxes of silver bullion and one half of five hundred and fifty-eight bales of tobacco and thirty-two boxes of vanilla beans, shipped on the schooner Antonietta, at Vera Cruz, on the tenth of November, 1868, insured in an open policy with the defendants on the twenty-fourth of the same month, and lost on the ninth of December, same year, 1868, by perils insured against, as alleged.

The answer admits the insurance, but denies that the goods were ever shipped by plaintiffs on said schooner or were lost as alleged, and avers that the pretended losses were fraudulent, because, if the said goods were ever on board of said vessel, they were taken off by or for the plaintiffs before the vessel sailed; that the goods were not on the said vessel at the time of the alleged loss thereof, and could not be, as there was more cargo on the manifest than said schooner could contain; that said schooner met with no bad weather, and was not lost by any of the perils

insured against, but was, with the knowledge and consent of the plaintiffs, fraudulently lost and sunk for the purpose of defrauding the respondents; that said schooner sailed by the coast of Yucatan, the more readily to effect the fraudulent loss; that the officers and crew left the vessel in good weather and a calm sea, and could have saved the silver bullion had it been on board; that the assured, or one of them, were the owners of the vessel at the date of the alleged loss; that plaintiffs practiced concealment, misrepresentation, and fraud in effecting the insurance, and had a valid contract been made it would have been void by reason thereof, and that the plaintiffs had no insurable interest in the property insured.

The case was tried before a jury, a verdict rendered in favor of defendants, and from the judgment thereon the plaintiffs appealed.

The defendants contend that when the vessel was lost, the alleged cargo, for which indemnity is claimed, was not on board, because it is proved that so large a cargo could not have been stowed in the said vessel.

It is true that several witnesses give it as their *opinion* that the vessel could not carry the quantity of cargo specified in the bill of lading, and three of the sailors or employees thereon, who were brought to this city from Mexico to testify swore that a much smaller quantity was on board at the date of the loss, and that the vessel was scuttled by the captain and other officers. The testimony of these three witnesses is destroyed, in our estimation, by the fact that they made contrary statements under oath in Mexico, and the *opinion* of the other witnesses on behalf of defendants is overcome by the *positive testimony* of the captain, who was the sole owner of the vessel, the other employees thereon, the parties who were employed in Vera Cruz to put the goods on the vessel in that port, and the shippers, who were the merchants and agents of the plaintiffs in making the shipment. *They are unimpeached,* and they state positively that the goods described in the bill of lading and invoice were *actually* put on the said vessel, and some of them say *more could have been put on.* In corroboration of this, the *dimensions* of the vessel and the several kinds of packages are given, and from the *arithmetical calculations* thereon which are presented we are not prepared to say that the vessel was *incapable* of carrying such a quantity of cargo. The fact that there are circumstances and actions which *are not satisfactorily explained* to all who may be interested, can not be held by courts of justice as contradicting and overcoming the direct, positive testimony of an *unusually large* number of witnesses, whose *veracity* is not impeached, and most of whom are not shown to have any *interest* in committing perjury. We have carefully examined and weighed the testimony of the witnesses for both plaintiffs and defendants, and we can not agree with the jury in the

estimation they have placed on it.  By all the *means* of interpreting evidence adduced in courts of justice, we are constrained to *accept the direct, positive testimony of unimpeached witnesses*, most of whom were actors in and eye witnesses to the facts as to which they testify, in preference to the opinions of others, who had *no direct knowledge* of such facts.

We conclude that the cargo was on the vessel, as described in the bill of lading and *asserted by a large number* of witnesses.  *No satisfactory or rational* motive in the captain is shown why he should commit the frauds and crimes, or in the many other parties to conspire with him to commit the crimes charged as necessary to sustain the defendants' theory of this case.

By the same rule of weighing and construing evidence, we must decide all the other points of defense against the defendants, who are insurers on an *open* policy, and took the risk upon *a presentation of the description and value of the goods insured,* and it devolved on them to make out their defense.  We are constrained to hold them to their contract.

It is therefore ordered that the judgment appealed from and the verdict of the jury herein be set aside, and it is now ordered that the plaintiffs recover of the defendants the sum of $30,342, with legal interest thereon from judicial demand, all in the gold coin of the United States, and costs of suit.

---

## On Rehearing.

WYLY, J.  After re-argument and mature deliberation, we have come to the conclusion that our former judgments herein are correct.

It is therefore ordered that our former judgments in these cases remain undisturbed.

---

MORGAN, J., *dissenting.*  In all these cases I dissent from the conclusions of the majority, upon the following grounds, which I will elaborate hereafter:

First—I think there was misrepresentation in effecting the insurance.

Second—Concealment of facts, which, if disclosed, would have made the companies decline the risk.

Third—I think the vessel was not of sufficient capacity to contain the cargo which it is alleged was on her.